GAUDIN, Judge.
This is an appeal by Kenneth J. Lindheim and St. John Builders, Inc. from a judgment of the 29th Judicial District Court awarding $12,000.00, attorney fees of $2,500.00 and other costs to Mr. and Mrs. Carlo Cardinale because of redhibitory defects, particularly a defective house slab.
Appellants contend that the trial judge erred (1) in piercing the corporate veil and holding Lindheim personally liable and (2) in not granting a new trial because (a) the judgment was clearly contrary to the law and evidence and (b) there was newly discovered evidence.
In response, the Cardinales seek damages for mental anguish, inconvenience and embarrassment plus an increase in attorney fees. We raise the attorney fee award to $3,500.00 and in all other respects affirm the judgment of the district court.
Mr. and Mrs. Cardinale purchased 217 West Oakland Drive in St. Charles Parish from St. John Builders, Inc. in 1979. Shortly after moving in, the Cardinales noticed large cracks in the slab and “sink holes” in the yard. The slab had been poured over an area that had formerly been a trailer court. There were septic tanks and large segments of concrete, pieces of earlier slabs, beneath the ground’s surface.
Lindheim was contacted and he attempted to rectify the problem by filling in several holes. He then abandoned the work, saying the one year warranty had expired.
Testimony of the Cardinales, consulting engineer B.M. Dornblatt and contractor Roy Cadow, together with the report of Lloyd Held of Eustis Engineering Company, strongly support the $12,000.00 award. Dornblatt said that the voids in the soil could have been easily discovered by use of a hand auger or pothole digger.
The trial judge, in her assigned “Reasons for Judgment,” found that “the slab was poured on top of chunks of concrete and debris which had been covered over by approximately two to four feet of topfill.” Neither Lindheim nor any of his employees inspected the slab site before pouring the concrete.
Lindheim was an officer of St. John Builders, Inc., but the corporation did not maintain a separate bank account, did not file federal or state income tax returns, did not keep corporate records and did not hold regular meetings. The trial judge determined that there was no corporate entity and that Lindheim (and another officer, Rudy Brown, who did not appeal) was personally responsible. This finding is amply supported by the testimony and we will not disturb it. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The newly discovered evidence included cancelled checks issued by St. John Builders, Inc., purporting to show that the corporation did have a checking account. Even if St. John Builders, Inc. did at some point in time issue checks, there was more than enough other evidence justifying the piercing of the corporate veil. The trial judge did not abuse her discretion in denying this motion. If newly discovered evidence would not change the result, a new trial is not necessary. Also, there was no showing that the cancelled checks could not have been located earlier, in time for the trial.
For the foregoing reasons, we find no merit in appellant’s contentions. We turn now to the Cardinales’ request for additional attorney fees and damages.
Attorney fees can be (and often are) awarded in successful redhibition actions. See Philippe v. Browning Arms Company, 395 So.2d 310 (La.1980), and LSA-C.C. arts. 2476, 2531 and 2545. Here, trial preparation was extensive and the trial itself lasted two full days. Following an adverse (to them) judgment, Lindheim and St. John Builders filed this appeal. We increase the attorney fees awarded by $1,000.00.
Concerning damages for mental anguish, inconvenience and embarrassment, *1234 the Cardinales particularly cite Art. 2545, which reads:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
Awards for Art. 2545 “damages” are within the trial judge’s sound discretion. If he factually finds that additional awards are justified or that they have not been proven or are not due, such determinations we upset on appeal only when there is manifest error. The record, in this respect, does not indicate manifest error in spite of the showing made by the Cardinales during the two-day trial. Some mental anguish, inconvenience and embarrassment was shown but apparently not enough.
We are unaware of any Supreme Court or appellate opinion stating that if bad faith under Art. 2545 is demonstrated and attorney fees awarded, the trial judge must also award damages for mental anguish, etc.
Accordingly, attorney fees are increased by $1,000.00 to $3,500.00. The remainder of the district court judgment dated April 15, 1986 is affirmed with Lindheim and St. John Builders to bear costs of this appeal.
AMENDED IN PART, OTHERWISE AFFIRMED.